**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| RALPH A. HAMMER and BEVERLY | ) | CASE NO. 08-61505 |
| J. HAMMER, | ) | |
| | ) | JUDGE RUSS KENDIG |
| | ) | |
| Debtors. | ) | **AMENDED MEMORANDUM OF** |
| | ) | **OPINION (NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |
| | ) | |

This matter is before the Court on Debtors' Motion to Reconsider/Set Aside Order of Dismissal and Motion to Excuse Credit Counseling, filed on September 12, 2008 in response to the Court's *sua sponte* memorandum and order entered September 11, 2008. The Court's previous opinion dismissed the instant case on the ground that Debtors had not satisfied the requirements to become debtors under the Bankruptcy Code because they had not filed valid certificates of credit counseling, an eligibility prerequisite to file for bankruptcy.

The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed format, is not the result of a direct submission by the Court.

This opinion was amended for formatting purposes only and, aside from the inclusion of part of the text of 11 U.S.C. § 60(b) that was previously beyond the bounds of a page margin, is identical to the original.

### FACTUAL AND PROCEDURAL BACKGROUND

Debtors filed for bankruptcy under Chapter 7 of the Bankruptcy Code on May 8, 2008. With their petition, they filed certificates of credit counseling for each debtor. (Docs. 3 and 4.) They also filed copies of two general durable powers of attorney, one for each debtor, designating Ralph M. Hammer as their attorney-in-fact. (Docs. 6 and 8.) The certificates of credit counseling each state that their attorney-in-fact took the credit briefing from GreenPath, Inc. by telephone on January 21, 2008. The case was determined to be a no-asset case and proceeded until it was closed without discharge on September 4, 2008 because Debtors had also not filed the required financial management

course certificate proving compliance with the instructional course requirement for discharge.

On September 5, 2008, the Court reopened the instant case and, on September 11, 2008, dismissed it *sua sponte* because, in addition to have not completed the requisite financial management course (a prerequisite for discharge), Debtors had also not validly completed the credit counseling requirement of 11 U.S.C. § 109(h) (a prerequisite for becoming a debtor under the Code in the first place). The Court explained its reasoning in a *sua sponte* memorandum of decision entered September 11, 2008. The Court found that the credit counseling requirement of § 109(h) is non-delegable, and that merely having a designated agent take a credit briefing for a debtor does not suffice to satisfy the requirement.

Debtors filed the instant motion to reconsider and motion to excuse one day later, on September 12, 2008. In the motion now before the Court, Debtors allege that they are both incapacitated and disabled; that 11 U.S.C. § 707 required a hearing on the Court's dismissal of the case, which Debtors were never afforded; that Bankruptcy Rule 1004.1 allows for representatives of infants or incompetent persons to file bankruptcy petitions on their behalf, and that this rule should therefore also extend to allowing the delegation of the credit counseling requirement. On these grounds, Debtors ask for the Court to reconsider its prior order, relieve them from that judgment, and excuse Debtors from the credit counseling requirement.

## LEGAL ANALYSIS

### I. Relief from Judgment under Fed. R. Civ. P. 60(b)

Federal Rule of Civil Procedure 60(b), incorporated into bankruptcy practice by Federal Rule of Bankruptcy Procedure 9024 with some exceptions (none applicable here), governs motions for relief from final judgments, orders, and proceedings. Rule 60(b) provides, in full:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The burden is upon the movant to prove the grounds for relief. Smith v. Kincaid, 249 F.2d 243, 244 (6th Cir. 1957). The granting of such motions "is a matter addressed to the sound discretion of the trial court." Miller v. Owsianowski (In re Salem Mortgage Co.), 791 F.2d 456, 458 (6th Cir. 1986).

Debtors make their case primarily under Rule 60(b)(1), providing for relief in cases of "mistake, inadvertence, surprise, or excusable neglect." "In order to be eligible for relief under 60(b)(1) the movant must demonstrate the following: (1) The existence of mistake, inadvertence, surprise, or excusable neglect. (2) That he has a meritorious defense." Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir. 1980). In Rooks v. American Brass Co., 263 F.2d 166 (6th Cir. 1959), in which a defendant also filed a proposed sworn answer alongside his motion to set aside a default judgment, that "[i]f any one of these defenses states a defense good at law, then a meritorious defense was presented in answer." This is sufficiently analogous to the instant situation, in which a motion to excuse the requirement on the grounds of incapacity was submitted with the motion to set aside this Court's order, for the Court to apply the same standard in this case.

Debtors have proven the existence of mistake, inadvertence, surprise, or excusable neglect. Debtors argue that because Fed. R. Bankr. P. 1004.1 allows for the representative of an infant or incompetent person to file a petition on the behalf of their ward, it should reasonably be interpreted to also allow the representative to satisfy the prerequisites for eligibility in the stead of those he represents; while the Court finds this argument unconvincing (particularly in this instance, because the Court only learned with the instant motion that Debtors' mental capacity was being placed at issue in this case, and therefore did not consider Rule 1004.1 in its prior opinion), there is no evidence to suggest that the argument was not made in good faith. Debtors reasonably believed that the requirement had been met. In addition, because a Chapter 7 petition by an ineligible individual results in an immediate dismissal rather than a hearing under § 707, see infra Part II, the first opportunity that Debtors have had to make their arguments is in the motion currently before the Court. Over five months have elapsed since filing and no creditors or other parties in interest have objected. Debtors reasonably state that had they been aware that the certificates were invalid and that dismissal was pending, they could have filed a motion to excuse the credit counseling requirement on the basis of incompetence under 11 U.S.C. § 109(h)(4).

Debtors have also raised a meritorious defense at law by combining the motion to set aside the order of dismissal with a motion to excuse the credit counseling requirement on the basis of incapacity, a defense explicitly provided for in the Code under 11 U.S.C. § 109(h)(4). The Court need not yet evaluate the likelihood of success of this motion, because likelihood of success is not the measure of a defense's merit at this stage. United Coin Meter Co., Inc. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir. 1983). Debtors have raised a "defense good at law" under Rooks; no more is required.

The Court therefore finds that Debtors have carried their burden of proving the grounds for relief from a final order under Rule 60(b).

## II. Procedural Defect - Lack of § 707(a) Hearing

Debtors also raise a second ground for reconsideration that does not involve mistake, inadvertence, surprise or inexcusable neglect. Debtors argue that, "[c]ontrary to the prescribed Bankruptcy Code and Rules, no Motion or hearing was held as required by 11 U.S.C. 707, regarding the matter." (Debtors' Br. 2.) Were this the only ground upon which Debtors made their case, their argument would fail. Debtors' argument here is acarpous because hearings on dismissals under 11 U.S.C. § 707 are not necessary when a case is being struck due to a putative debtor's ineligibility to be a debtor under the Code; what a bankruptcy court "dismisses" in such a circumstance is not actually a "case" within the meaning of the law.

The instant case is nominally a joint case, or at least the petition attempts to begin one. Joint cases are commenced under 11 U.S.C. § 302, which provides, in relevant part: "(a) A joint case under a chapter of this title is commenced by the filing with the bankruptcy court of a single petition under such chapter by an individual *that may be a debtor* under such chapter and such individual's spouse." 11 U.S.C. § 302(a) (emphasis added). Section 301, governing individual voluntary petitions, likewise only allows individuals that may be debtors to commence cases.

The credit counseling requirement, unlike the financial management course requirement, is a requirement that debtors must fulfil in order to commence a case in the first place. The provision establishing the credit counseling requirement provides, in relevant part:

> Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, *an individual may not be a debtor under this title* unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1) (emphasis added). Petitions filed voluntarily by individual or joint debtors under § 301 or § 302 therefore do not create "cases" within the meaning of the Code, because cases may only be voluntarily begun by individuals or couples eligible to be debtors, and those who have neither completed the credit counseling requirement nor been excused from it are ineligible to be debtors.

Because no Chapter 7 case ever legally commences, the requirement of notice and a hearing under § 707 before dismissal for cause is inapplicable. That section provides, in relevant part that a "court may dismiss a *case* under this chapter only after notice and a hearing and only for cause." 11 U.S.C. § 707(a) (emphasis added). What a bankruptcy court dismisses when a debtor is ineligible to commence a case at all is called a "case" in the

dismissal order primarily because it *looks* like a case: it is assigned a case number by the clerk's office and generally proceeds through the bankruptcy process as if it were what it purports to be, until the eligibility defect is discovered.[1] However, this is the rare circumstance where what looks and quacks like a case is not in fact a case, because that conclusion is specifically forbidden by the provisions of the Bankruptcy Code itself.

Since Debtors made their arguments in the alternative, only needed to prevail on one, and carried their burden to prove excusable neglect, this section of this opinion does not affect the final outcome of Debtors' motion. The Court sets forth its reasoning on this issue because excusable neglect is not an excuse that can be invoked routinely, and the Court wants to emphasize that the lack of a § 707 hearing is not independently valid grounds for reinstating a case dismissed because of an individual's ineligibility to be a debtor.

## III. Motion to Excuse Credit Counseling Under 11 U.S.C. § 109(h)(4)

Debtors also move, under 11 U.S.C. § 109(h)(4) to be excused from the credit counseling requirement of § 109(h)(1), by reason of incapacity. This is a valid defense at law but must be supported by evidence, because movants bear the burden of proving disability within the meaning of § 109(h)(4). See In re Rodriguez, 336 B.R. 462, 468 n.12 (Bankr. N.D. Idaho 2005) ("it is clear that the burden rests on the debtor to make a *prima facie* factual showing that one of the excluding factors-of incapacity, disability or active combat-zone military service-exists"). Debtors have submitted no factual evidence in support of their motion to excuse. The Court is willing to grant Debtors additional time to procure and submit such evidence, however, because Debtors submitted their motion to reconsider the day following the entry of the order of dismissal and no party in interest will be prejudiced by additional delay.

The Court will enter a separate order concurrently with this opinion (a) granting Debtors' motion to reconsider and set aside the order of dismissal and (b) granting Debtors additional time to submit evidence in support of their motion to excuse.

/s/ Russ Kendig

_____
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

_____

[1] In the past, the Court has used other language on orders that accomplish what the order "dismissing" the "case" of individuals who are ineligible to become debtors because of their failure to satisfy the credit counseling requirement, speaking in terms of "striking the petition" rather than dismissing the case. The Court's experience with such alternative language was that, though legally more exact, it created more confusion than it resolved. Even given the facts of the instant case, which similarly created confusion here, the Court is not inclined to change its current practice on this matter.

**Service List**:

Robert S Thomas, II
One South Main Street - 2nd Floor
Akron, OH 44308

Ralph A. Hammer
Beverly J. Hammer
4220 Eastern Road
Doylestown, OH 44230

Michael V Demczyk
PO Box 867
12370 Cleveland Ave NW
Uniontown, OH 44685

**Service List**:

Robert S Thomas, II
One South Main Street - 2nd Floor
Akron, OH 44308

Ralph A. Hammer
Beverly J. Hammer
4220 Eastern Road
Doylestown, OH 44230

Michael V Demczyk
PO Box 867
12370 Cleveland Ave NW
Uniontown, OH 44685